[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, The Chase Manhattan Ban [Bank], N.A. (Chase) filed an application for prejudgment remedy with a writ, summons, complaint and affidavit on April 18, 1995 against the defendants Ira Goldstone and Carol Goldstone. The complaint alleges that the Supreme Court of the State of New York ordered judgment in favor of Chase on December 16, 1994, and imposed an obligation of $1,535,047.48 jointly and severally upon the defendants. The plaintiff seeks to attach certain assets of the defendants in Connecticut. The Goldstones have filed a Notice of Appeal in the New York Appellate Court which is still pending.
The Goldstones maintain that the prejudgment remedy is inappropriate because the plaintiff has not brought a separate action seeking judgment on its New York judgment, but is seeking to enforce its New York judgment under Connecticut General Statutes § 52-604 et seq. which it cannot do because it has not met the requirements of General Statutes § 52-605 regarding the proper filing, certification and notice of a foreign judgment.
The plaintiff responds that it is bringing the action pursuant General Statutes § 52-607. Plaintiff claims it has met the criteria for attachment, that a foreign judgment establishes probable cause that Chase will prevail at trial.
General Statutes § 52-607 "preserve[s] the common-law right of a judgment creditor to bring an independent action on the judgment." Seabord Surety Co. v. Waterbury, 38 Conn. Sup. 468,470, 451 A.2d 291 (App. Sess. 1982). For prejudgment attachment, the plaintiff only has to establish probable cause for the validity of the claim. Calfee v. Usman, 224 Conn. 29, 36 (1992). In Bank of New York v. Cocozza, Superior Court, Judicial District of Danbury, Docket No. 306917 (Oct. 22, 1991) (Fuller, J.), the court found probable cause for a prejudgment remedy in an action on a judgment entered in the Supreme Court of New York against the defendants. The plaintiff also relied on General Statutes § 52-607. Id. Accordingly, the plaintiff has established probable cause for CT Page 13472 the prejudgment remedy of attachment.
The defendants also argue that General Statutes § 52-605 and52-606(b), which enumerate the grounds for staying enforcement, look to Connecticut law in deciding whether security must be furnished for the satisfaction of judgment in order to stay enforcement pending appeal. The defendants argue Connecticut law does not require the defendants to post security, therefore the enforcement should stay. Chase responds that the judgment is fully enforceable because under General Statutes § 52-606(b), New York law controls whether the judgment debtor must furnish security for the satisfaction of the judgment, which the Goldstones have not done. § 52-606(a) is plain on its face, that the court will stay enforcement if the judgment debtor shows "that an appeal from the foreign judgment is pending . . . upon proof that the judgment debtor has furnished the security for the satisfaction of the judgment required by the state in which it was rendered." General Statutes § 52-606(a). New York requires the debtor to post security. New York CPLR § 5519. The legislative history relied upon by the defendants does not contradict § 52-606(a) but merely echoes the first clause in the statute.
The plaintiff's application for prejudgment remedy is granted.
DEAN, J.